UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL HARRIS,<br><br>    Plaintiff.<br><br>    v.<br><br>U.S. DEPARTMENT OF COMMERCE, et al.,<br><br>    Defendants. | Case No. 14-cv-00581-JSC<br><br>**ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(E)(2)**<br><br>Re: Dkt. No. 1 |

Plaintiff Samuel Harris, Jr., proceeding pro se, bring this action against the United States Department of Commerce and David Spence.[1] (Dkt. No. 1.) Plaintiff alleges that the Census Bureau assigned him "a training location" but then refused to employ him due to discrimination based on age, disability, and the mistaken belief that he was a felon on an "FBI list." (Dkt. No. 1 at 2, 5.) The Court previously granted Plaintiff's application to proceed in forma pauperis. (Dkt. No. 5.) Now before the Court is Plaintiff's Complaint, which the Court is required to review pursuant to 28 U.S.C. § 1915(e)(2).

**DISCUSSION**

Under 28 U.S.C. § 1915, the Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."). Upon

---

[1] Spence appears to be a member of the Bureau of the Census Legal Office and serves as its representative to the Equal Employment Opportunity Commission ("EEOC") in Plaintiff's underlying action before the EEOC. (Dkt. No. 1 at 1, 6.)

dismissal, pro se plaintiffs proceeding in forma pauperis must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir.2000); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988); *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963).

The Court concludes that Plaintiff's Complaint fails to state a claim upon which relief may be granted. To state a claim of employment discrimination, Plaintiff must show that "(1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." *Chuang v. Univ. of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1123 (9th Cir. 2000) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

First, although the Complaint is framed as an appeal of a decision of EEOC Administrative Law Judge, Marianna Warmee, (Dkt. No. 1 at 1), Plaintiff does not specify the decision he challenges or the basis for his case before the EEOC.

Second, Plaintiff mentions age and disability discrimination in his Complaint, (Dkt. No. 1 at 5), but provides no allegations to support either claim, including his age or disability. Nor does Plaintiff specify the law or laws under which he seeks relief for the alleged discrimination. The Court grants Plaintiff leave to amend his complaint should he wish to bring causes of action for age and disability discrimination. If the law(s) that provides Plaintiff's cause of action for discrimination requires that he exhaust his administrative remedies with the EEOC, Plaintiff's Complaint must allege the facts showing that he did so in accordance with EEOC deadlines.

Third, the Civil Cover sheet for this action, (Dkt. No. 1-1), states that his cause of action is "Refusal to Hire – Felony Status Untrue" pursuant to sections 205 and 205A of the Elliott-Larsen Civil Rights Act, which is a Michigan state law. Under section 205,

> An employer, labor organization, or joint labor-management committee controlling an apprenticeship, on the job, or other training or retraining program, shall not discriminate against an individual because of religion, race, color, national origin, age, sex, height, weight, or marital status, in admission to, or employment or continuation in, a program established to provide apprenticeship on the job, or other training or retraining.

Mich. Comp. Laws Ann. § 37.2205.  Section 205a provides, in part, that

> An employer, employment agency, or labor organization, other than a law enforcement agency of this state or a political subdivision of this state, shall not in connection with an application for employment or membership, or in connection with the terms, conditions, or privileges of employment or membership request, make, or maintain a record of information regarding a misdemeanor arrest, detention, or disposition where a conviction did not result.

Mich. Comp. Laws Ann. § 37.2205a(1).  The Court discerns no reason why the Elliott-Larsen Civil Rights Act would apply to Plaintiff's case, as the Complaint makes no mention of Michigan. Indeed, Plaintiff does not specify where the events giving rise to his claim took place but gives a Los Angeles mailing address.

Plaintiff does not cite any federal or California law under which felons are a protected class for the purposes of employment discrimination, and the Court is not aware of any. *See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2525 (2013) (explaining that under Title VII's "status-based discrimination provision, it is an 'unlawful employment practice' for an employer 'to discriminate against any individual ... because of such individual's race, color, religion, sex, or national origin.'") (quoting § 2000e–2(a)).[2]  The result is the same even though he alleges that he was erroneously perceived as a felon.  While such a mistake is unfortunate, it is not illegal. Accordingly, Plaintiff's claim for refusal to hire based on his perceived felon status is dismissed with prejudice.

---

[2] *See also Crook v. El Paso Indep. Sch. Dist.*, 277 F. App'x 477, 480 (5th Cir. 2008) (holding that the "district court correctly held that felons are not a protected class"); *Kennedy v. McHugh*, CIV. CCB-13-390, 2013 WL 4541404, *1 (D. Md. Aug. 23, 2013) (dismissing plaintiff's Title VII claim based on defendant's withdrawal of an employment offer "[b]ecause a plaintiff's status as a convicted felon is not a protected class under Title VII"), *aff'd sub nom. Kennedy v. Dep't of the Army*, 13-2262, 2014 WL 629559 (4th Cir. Feb. 19, 2014); *Dixon v. Ramirez*, 2:12CV137, 2012 WL 8441425, at *1 (E.D. Va. July 18, 2012) ("[S]tatus as a convicted felon is not a protected class under Title VII . . . . and the Court is not aware of any other statutory scheme that would protect Plaintiff on the basis of his membership in the class of convicted felons.") (internal quotation marks and citation omitted), *aff'd*, 509 F. App'x 258 (4th Cir. 2013).

**CONCLUSION**

For the foregoing reasons, the Court DISMISSES Plaintiff's Complaint under Section 1915(e)(2) with prejudice as to Plaintiff's "felon status" discrimination claim, and without prejudice with respect to any discrimination claims based on age or disability.  This means that Plaintiff can file a new complaint alleging that he was subject to discrimination based on his age and disability, but cannot bring a claim that he was subject to discrimination based on his perceived felon status.  Plaintiff shall file his Amended Complaint no later than April 4, 2014. Plaintiff is warned that his failure to file an Amended Complaint by this date may lead to dismissal of his entire Complaint with prejudice.

Plaintiff may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-9000, extension 8657, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California.  At the Legal Help Center, Plaintiff will be able to speak with an attorney who may be able to provide basic legal help but not representation.  Information about the Legal Help Center is available at http://www.cand.uscourts.gov/helpcentersf .

**IT IS SO ORDERED.**

Dated:  March 14, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge