UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL HARRIS,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF COMMERCE, et al.,<br><br>    Defendants. | Case No. 14-cv-00581-JSC<br><br>**ORDER RE: RULE 60(B) MOTION**<br><br>Re: Dkt. No. 9 |

Plaintiff Samuel Harris, Jr., proceeding pro se, brings this action against the United States Department of Commerce and David Spence. (Dkt. No. 1.) Plaintiff alleges that the Census Bureau assigned him "a training location" but then refused to employ him due to discrimination based on age, disability, and the mistaken belief that he was a felon on an "FBI list." (Dkt. No. 1 at 2, 5.) The Court previously dismissed the complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2). Now pending before the Court are multiple documents submitted by Plaintiff which the Court construes as a motion for reconsideration under Federal Rule of Civil Procedure 60(b). (Dkt. No. 9.) So construed, the motion is DENIED.

**BACKGROUND**

Plaintiff filed this pro se complaint alleging employment discrimination claims against Defendants the Census Bureau and David Spence.[1] The Court concluded that Plaintiff's allegation that the Census Bureau assigned him to a "training location, but then "refus[ed] to continue to employ[]" him based on a mistaken belief that he was a felon failed to state a claim for

---

[1] Spence appears to be a member of the Bureau of the Census Legal Office and serves as its representative to the Equal Employment Opportunity Commission ("EEOC") in Plaintiff's underlying action before the EEOC. (Dkt. No. 1 at 1, 6.)

1  employment discrimination as being perceived as a felon was not a protected class under federal
2  or state law.  Further, although Plaintiff referenced age and disability discrimination, he failed to
3  make out a prima facie case of either.  *See Chuang v. Univ. of California Davis, Bd. of Trustees*,
4  225 F.3d 1115, 1123 (9th Cir. 2000) (to state a claim for employment discrimination, a plaintiff
5  must show that "(1) he belongs to a protected class; (2) he was qualified for the position; (3) he
6  was subject to an adverse employment action; and (4) similarly situated individuals outside his
7  protected class were treated more favorably.") (internal citation omitted).  Thus, the Court
8  dismissed Plaintiff's complaint with leave to amend by April 4, 2014.  (Dkt. No. 7.)  Plaintiff did
9  not file an amended complaint by that date and the Court dismissed the complaint with prejudice
10 on April 29, 2014.  (Dkt. No. 8.)  On or about June 11, 2014, Plaintiff filed a document entitled
11 "motion to reconsider" to which various other documents were attached; the Court construes this
12 filing as a motion for reconsideration under Federal Rule of Civil Procedure 60(b).

## DISCUSSION

14 Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence,
15 surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could
16 not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud by the
17 adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other
18 reason justifying relief.  *See* Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc*., 5 F.3d 1255,
19 1263 (9th Cir. 1993).  Rule 60(b) provides for extraordinary relief and may be invoked only upon
20 a showing of exceptional circumstances.  *Engleson v. Burlington Northern Railroad Co*., 972 F.2d
21 1038, 1044 (9th Cir. 1992).

22 Plaintiff's motion for reconsideration does not address the Court's March 14, 2014
23 dismissal order.  With respect to the April 29, 2014 Order, Plaintiff asks for "[r]econsideration of
24 the Order issue April 29, 2014.  There was no indication of the need to respond to further the trial
25 process, as known to myself the Plaintiff."  (Dkt. No. 9 at 4.)  In *Briones v. Riviera Hotel &*
26 *Casino*, 116 F.3d 379, 381 (9th Cir. 1997), the Ninth Circuit set out factors which a court should
27 weigh in determine whether missing a filing deadline constitutes "excusable neglect."  These
28 include "the danger of prejudice [to the opposing party], the length of the delay and its potential

United States District Court
Northern District of California

1  impact on judicial proceedings, the reason for the delay, including whether it was within the
2  reasonable control of the movant, and whether the movant acted in good faith." *Id.*

3        To the extent that Plaintiff contends that he did not respond to the Court's orders because
4  he did not understand that he needed to respond, such an explanation is belied by the record. The
5  March 14, 2014 order dismissing the complaint advised Plaintiff that he had until April 4, 2014 to
6  file his amended complaint and warned him that "his failure to file an amended complaint by this
7  date may lead to dismissal." (Dkt. No. 7 at 4.) The Court's April 29, 2014 order dismissing the
8  complaint with prejudice reiterated that Plaintiff had been warned of the need to file an amended
9  complaint by April 4, 2014 and concluded that because he had failed to file either an amended
10 complaint or a request for an extension of time to do so, his complaint would be dismissed with
11 prejudice. (Dkt. No. 8.) The Order also advised Plaintiff that he could seek assistance from the
12 Northern District of California Legal Help Center. (*Id.*) Plaintiff was thoroughly warned
13 regarding the consequences of failing to respond to the Court's orders and upon receiving the
14 dismissal waited over a month to file anything. This does not amount to excusable neglect.

15       Nor does the motion for reconsideration satisfy one of the other grounds for relief under
16 Rule 60(b). Plaintiff has not shown that there is new evidence in support of his claim, fraud by the
17 other side, that the judgment is void or has otherwise been satisfied. Nor would be it apt to
18 construe it as a motion under Rule 60(b)(6) which "is to be utilized only where extraordinary
19 circumstances prevented a party from taking timely action to prevent or correct an erroneous
20 judgment" as no such circumstances have been alleged here. *United States v. Alpine Land &*
21 *Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir.1993). Rather, Plaintiff's filing reiterates the same
22 insufficient allegations he made initially; namely, that he was falsely accused of being a felon, and
23 as a result, his employment with the Census Bureau ended. The filing also suggests that Plaintiff
24 is not in fact making a claim based on age or race discrimination: "never has the disability or age
25 been a factor but as phone conversation in addition to FBI statement of being on a list." (Dkt. No.
26 9 at 7.) Plaintiff thus still fails to state a claim for employment discrimination. Accordingly,
27 Plaintiff has not shown that he is entitled to relief under Rule 60(b).

28       Finally, even if the Court were to construe Plaintiff's filing as a timely amended complaint,

3

1  it still does not cure the defects identified in the Court's March 14, 2014 order.  Under these
2  circumstances, the Court finds that further leave to amend would be futile.  *See Eminence Capital,*
3  *LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003) (internal citation omitted) (in deciding
4  whether to grant further leave to amend the court should consider whether there has been "undue
5  delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies
6  by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance
7  of the amendment, [and] futility of amendment").

    For the reasons set forth above, Plaintiff's motion for reconsideration pursuant to Rule
60(b) is DENIED.

**IT IS SO ORDERED.**

Dated:  August 21, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4